IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PHILIP EDWARD KEPHART, JR., )<br>　　Petitioner, 　　　　　　　　　) | Civil Action No. 7:22cv00084 |
| 　　　　　　　　　　　　　　　　) | |
| v. 　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　) | |
| HAROLD W. CLARKE, Director, 　) | By:  Michael F. Urbanski |
| 　　Respondent. 　　　　　　　　) | Chief United States District Judge |

**OPINION AND ORDER**

Philip Edward Kephart, Jr., a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he has been denied his right to appeal from a judgment of the Henry County Circuit Court, entered March 29, 2019, sentencing him to life plus seventy years on several sex-related charges. The petition was received by the court on February 11, 2022, and treated as conditionally filed. On April 4, 2022, the court entered a conditional filing order assessing a filing fee and directing Kephart to provide any evidence or argument regarding why his petition should be considered timely, given that the petition appeared to be untimely. Petitioner was directed to provide this information within twenty days from the date of the order. Although petitioner filed a Consent to Fee form on May 6, 2022, he never provided any additional information or argument on timeliness after being given the opportunity to do so. Hill v. Braxton, 277 F.3d 701, 706–07 (4th Cir. 2002). After full review of Kephart's petition and attached exhibits, pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court concludes that the petition is untimely and will dismiss it sua sponte.

## I.

Following a jury trial on October 16, 2018, the Henry County Circuit Court convicted Kephart of two counts of aggravated sexual battery of a minor under 13 years of age, two counts of indecent liberties with a child under 15 years of age, forcible sodomy of one under age 13, and attempted forcible sodomy of one under 13 years of age. Following a sentencing hearing and consideration of a presentencing report on January 30, 2019, the court imposed a total sentence of Life plus 70 years. A post-trial motion was filed and withdrawn, and an amended judgment order was entered on March 29, 2019.

The trial court's online records reflect no further action for more than a year and a half, until the Henry County Circuit Court received a notice of appeal from Kephart and a petition on December 21, 2020. By letter dated January 12, 2021, Judge Williams advised Kephart that the time in which to appeal had expired and that the petition named the wrong parties and would not be filed in that form. Nothing further was filed in the trial court, and there are no records under Kephart's name in either the Court of Appeals of Virginia or the Supreme Court of Virginia. On November 30, 2021, Kephart filed a § 2254 petition in this court, raising the same issue he raises in the current petition, that he wanted his appeal rights back. By order entered December 17, 2021, the court dismissed Kephart's petition without prejudice, noting that he had not exhausted his state court remedies and advising him of the time limits for doing so. Without filing anything in state court, Kephart then filed the current petition, seeking the same relief.

**II.**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Starting with subsection A, the most frequently applicable time for the statute to start running, the court must determine the date on which Kephart's judgment became final, that is when he exhausted his direct appeals OR when the time for filing his appeal expired. Under Virginia law, the time for appealing a final judgment in the circuit court is 30 days. Rule 5A:6, Rules of Sup. Ct. The circuit court entered the amended judgment on March 29, 2019. Thirty days after that date, April 28, 2019, fell on a Sunday, so the time for filing an appeal expired on April 29, 2019. That date, April 29, 2019, is when the one-year federal habeas statute of limitations began to run. The federal time limit for filing his § 2254 petition expired on April

29, 2020. Neither the previously filed petition (mailed November 12, 2021) nor the current petition (mailed Jan. 26, 2022) was timely filed.

Kephart has not alleged any unconstitutional state action that kept him from filing a timely appeal, a timely state habeas petition, or a timely federal petition, so subsection B does not apply. He does not allege a newly recognized constitutional right, so subsection C does not apply. Finally, he has not alleged recently learned facts, that he could not have previously discovered through the exercise of due diligence, which means that subsection D does not apply. The one-year ran from the expiration of his right to appeal, and his filing is outside the statute of limitations.

The Supreme Court has recognized the doctrine of equitable tolling, in which the court does not strictly enforce the statute of limitations for equitable reasons. A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance prevented him from timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). Kephart has failed to establish either.

Kephart waited more than a year and a half before he filed anything with the court to indicate that he wanted to appeal. When advised that his petition was not in proper form, Kephart failed to take any action. He still had time to file a state habeas petition, either in the circuit court or in the Supreme Court of Virginia, as he had until two years after entry of the judgment to file the claim in state court. Va. Code § 8.01-654. Yet, he never filed a proper state habeas petition in either court. He never filed a petition for writ of actual innocence in the Court of Appeals of Virginia. Instead, ten months after Judge Williams told him that his time to appeal had expired and that his petition was not proper, Kephart chose to file an

4

untimely § 2254 petition. That is not diligent pursuit of one's rights. None of his issues have been exhausted in state court, and his petition is two years too late.

From Kephart's petition, it appears that he may not have known where to send his notice of appeal, and he clearly forgot or did not realize that he had a time limit for pursuing any of his challenges to his convictions. That does not excuse untimely filing, nor does it constitute an "extraordinary circumstance" justifying equitable tolling. Felder v. Johnson, 204 F.3d 168, 172 (5th Cir. 2000) (citations omitted) ("holding that mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling or other exceptions to the law's requirements."); Earl v. Fabian, 556 F.3d 717, 724 (8th Cir. 2009) (citations omitted) (recognizing that "Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Because he has shown neither diligent pursuit of his rights nor extraordinary circumstances that caused his untimely filing, equitable tolling does not save Kephart's untimely petition.

Finally, to the extent Kephart is alleging actual innocence,[1] claims of factual innocence based on newly discovered evidence, by themselves, "have never been held to state a ground for federal habeas relief." Herrera v. Collins, 506 U.S. 390, 400 (1993); Buckner v. Polk, 453 F.3d 195, 199 (4th Cir. 2006). However, to "balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in just that arises in the extraordinary case," the Supreme Court recognized the "actual innocence" exception to

---

[1] Kephart asserts in his petition that he needs his appeal rights back "so [he] can bring [his] case back up in court so [he] can prove [his] innocence." Pet. at 5, ECF No. 1. He misunderstands the proper role of an appeals court. The trial court is the venue for determining the guilt or innocence of a defendant. Herrera v. Collins, 506 U.S. 390, 416 (1993). Having been convicted by a jury, Kephart is legally a guilty person. Except in the limited circumstance discussed above, a legally guilty person is not entitled to habeas relief solely to seek a second chance to prove factual innocence. Id. at 420 (O'Connor, J., concurring).

5

the statute of limitations. Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added). The actual innocence exception allows a petitioner to move forward with an untimely or procedurally defaulted constitutional claim if the petitioner has credible, reliable evidence, not available at trial, which when considered with all the evidence in the case, makes it more likely than not that a reasonable juror could not convict him beyond a reasonable doubt. Id. at 327.

The actual innocence exception requires petitioner to present new and reliable evidence, such as exculpatory scientific evidence, trustworthy eyewitness testimony, or critical physical evidence that was not presented at the trial. Id. at 324. The only new item that Kephart has presented is a purported agreement between himself and Carolyn Vernon (mother of one of the victims), dated July 3, 2021. The agreement indicates that Ms. Vernon would like to drop the charges against Kephart, conditioned on his agreement to have no contact with M. W., B. V., and M. V. Pet. Ex. at 1, ECF No. 1-1. The agreement also indicates that, if charges cannot be dropped, that Kephart be released from prison and placed on daily supervision or house arrest for the remainder of his prison term. Id.

Although one may wonder about Vernon's motivation for entering such an agreement, the agreement is not proof of innocence, nor would it be admissible at trial. Further, Vernon does not have the authority to decide whether charges against Kephart will be dropped (even if they could be dropped after he has already been convicted). The prosecuting attorney has the sole discretion to decide whether to prosecute and what charges to file. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); Ganger v. Peyton, 379 F.2d 709, 713 (4th Cir. 1967); Cantrell v. Commonwealth, 229 Va. 387, 393, 329 S.E.2d 22, 26 (1985). One of the fundamental differences between a criminal matter and a civil matter is that a citizen cannot bring a criminal

6

action; only the government may do so. 1 Barry A. Lindahl, Modern Tort Law: Liability and Litigation § 2:4 (2d ed, May 2022 Update). Whereas a civil tort suit may be pursued by and at the discretion of the injured party or her representative (parent), to recover compensation for the wrong done to the victim, a crime is an offense against the state as well as the victim, and the state pursues prosecution of the crime for the purposes of punishment and protection of society. 22 C.J.S. Criminal Law: Substantive Principles § 6 (2022). Conversely, "an injured party may condone the tort committed against him; but a victim of crime may not obliterate the commission of the crime by forgiving the criminal." Wayne R. LaFave, 1 Subst. Crim. L. § 1.3(b) (3d ed., Dec. 2021 Update).

Virginia has enacted a statute allowing the victim of a misdemeanor to settle with the defendant for his injuries, and upon filing an accord and satisfaction with the criminal court, to have the criminal charges dropped. Va. Code § 19.2-151. That is based on the long-standing principle that, in prosecutions for offenses not involving any great offense against the public, settlement is preferred as less injurious to the public than litigation. Glidewell v. Murray-Lacy & Co., 124 Va. 563, 575, 98 S.E. 665, 669 (1919). The charges upon which Kephart has been convicted are felonies, not misdemeanors. Virginia Code § 19.2-151 does not apply to those charges. Such a contract not to prosecute a felony is illegal and unenforceable. Ellis v. Peoples Nat. Bank of Manassas, 166 Va. 389, 396, 186 S.E. 9, 12 (1936).

Kephart has not introduced any new, reliable, admissible evidence of innocence, as required by Schlup, and thus he has not shown entitlement to have his untimely petition considered. Schlup, 513 U.S. at 327.

It is hereby **ORDERED** that Kephart's § 2254 petition is **DISMISSED** as time-barred, and this action is **STRICKEN** from the active docket of the court.

Further, finding that Kephart has failed to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED.**

The Clerk shall send a copy of this opinion and order to Kephart.

**ENTER**: This 21st day of July, 2022.

> Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
> Date: 2022.07.21 11:36:20 -04'00'

_____
Michael F. Urbanski
Chief United States District Judge